IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark Eric Curry, | ) | C/A No. 0:26-957-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden, Allendale Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Mark Eric Curry, a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment. (ECF No. 12.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No. 13.) Petitioner filed a response in opposition (ECF No. 19), and Respondent replied (ECF No. 20).

Respondent's motion details the status of Petitioner's state court collateral proceedings, which was not clear from the Petition. Most importantly, Petitioner has not appealed the state court's denial of his post-conviction relief ("PCR") application. Based on Petitioner's failure to file an appeal, Respondent argues that Petitioner's claims are procedurally defaulted. In response, Petitioner contends that he has not had "his full bite at the apple," because the state appellate courts have not had the chance to consider the issues raised in his Petition. (ECF No. 19 at 3.) He therefore asks the court to "grant permission" for him to file an appeal in accordance with Austin v. State, 305 S.C. 453 (1991), and to appoint counsel to assist him with that filing. (Id.)

Recognizing the importance of allowing Petitioner to fully exhaust his state court remedies, Respondent asks the court to construe the motion for summary judgment as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and to dismiss the Petition without prejudice. (ECF No. 20 at 2.) Having carefully considered the parties' submissions and the record in this case, the court agrees with Respondent and recommends construing Respondent's motion as a motion to dismiss and granting that motion without prejudice.

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.") (citing Rose v. Lundy, 455 U.S. 509, 515-16 (1999)). Thus, the exhaustion doctrine requires "that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845; see also Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted).

Generally, district courts must dismiss petitions that have unexhausted claims. Rose v. Lundy, 455 U.S. 509, 515 (1982). Though exhaustion is not jurisdictional, Jenkins v. Fitzberger, 440 F.2d 1188, 1189 (4th Cir. 1971), the doctrine is strictly enforced, Thomas v. Eagleton, 693 F. Supp. 2d 522, 538 (D.S.C. 2010). Thus, the court should *sua sponte* summarily dismiss totally unexhausted petitions. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); McCormick v. Vanover, C/A No. 7:18CV00005, 2018 WL 582686, at *2 (W.D. Va. Jan. 29, 2018) ("If the petitioner clearly has available state court remedies remaining, the federal court must dismiss the § 2254 petition without prejudice to allow him to utilize those remedies.").

The record in this case shows that Petitioner pled guilty to two drug charges in the Aiken County Court of Common Pleas and was sentenced pursuant to a negotiated plea to twenty years imprisonment and a suspended five-year sentence. (ECF No. 11-2 at 11.) Petitioner did not file a direct appeal. He filed a *pro se* application for post-conviction relief on March 13, 2024, and appeared for an evidentiary hearing on December 17, 2025. (ECF Nos. 11-4, 18.) The PCR court dismissed Petitioner's application by order dated March 2, 2026. (ECF No. 11-6.) Petitioner did not appeal to a South Carolina appellate court, instead filing this federal habeas action four days later. Petitioner therefore has not exhausted his state court remedies and the Petition should be dismissed so that he may do so.[1]

[1] The court notes that Petitioner appears to be under the impression that someone else—either his PCR counsel or this court—is responsible for filing his appeal. Petitioner is responsible for filing his own appeal and must do so within the applicable statute of limitations.

For the foregoing reasons, the court recommends Respondent's motion for summary judgment be construed as a motion to dismiss and that the motion to dismiss be granted and the Petition dismissed without prejudice.

October 21, 2026
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).