IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marc Eric Curry,<br><br>Petitioner,<br><br>v.<br><br>Warden of Allendale,<br><br>Respondent. | C/A No. 0:26-cv-957-JFA-PJG<br><br>**ORDER** |

Marc Eric Curry, ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Magistrate Judge assigned to this action[1] authorized service of process. Defendant, Warden of Allendale, filed a motion for summary judgment (ECF No. 12). The court issued a *Roseboro* Order advising Petitioner of the procedures and possible consequences of a failure to respond to Respondent's motion. (ECF No. 13). Following Petitioner's Response (ECF No. 19) and Respondent's Reply (ECF No. 20), the Magistrate Judge prepared a thorough report and recommendation ("Report"). (ECF No. 21). Within the Report, the Magistrate Judge opines

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

that the motion for summary judgment should be construed as a motion to dismiss and that the petition should be dismissed for Petitioner's failure to exhaust his state court remedies. *Id.* at 2, 3. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on October 21, 2026. *Id.* The Magistrate Judge required Petitioner to file objections by November 9, 2026. *Id.* Petitioner failed to file objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that the petition is subject to dismissal.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 21). Respondent's motion for summary judgment is construed as a motion to

dismiss, and this motion is granted. Consequently, this Petition is dismissed without prejudice.

IT IS SO ORDERED.

November 20, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge